Alan J. Leiman (OSB No. 980746)
LEIMAN LAW, P.C.
PO BOX 5383
Eugene, OR  97405
alan@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **LISA OLSON-IVIE, and SCOTT IVIE,** individually**,** <br><br> Plaintiffs, <br><br> v. <br><br> **FLORENCE LIGHTOUSE INN**, an Oregon sole-proprietorship, and **ERIC JOHNSON**, an individual. <br><br> Defendants. | CASE NO.:  6:22-cv-00689 <br><br> **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT;** <br> Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS Chapter 652); Discrimination (ORS Chapter 659a) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, LISA OLSON IVIE  ("Olson Ivie"), and SCOTT IVIE ("Ivie") bring this Fair Labor Standards Act ("FLSA") action for violations of the FLSA against Defendants, FLORENCE LIGHTHOUSE INN ("Lighthouse Inn") and ERIC JOHNSON ("Johnson"). Plaintiffs make their allegations based upon personal knowledge, information, and belief.

### INTRODUCTION

1. On or around December 27, 2020, Plaintiff Lisa Olson-Ivie began working as an employee of the Florence Lighthouse Inn, a transient lodging motel with approximately 29 guest rooms located in Florence, Lane County, Oregon.  A couple of weeks later, in mid-January 2021, Plaintiff Scott Ivie began working for the Lighthouse Inn.

1 – Complaint

2. At all times material to this Complaint, Defendant Johnson was the owner and operator of the Lighthouse Inn. Johnson exercised supervisory control over Lighthouse Inn employees, and over the day-to-day operations of the Lighthouse Inn.

3. For approximately 5 weeks prior to starting work at the Lighthouse Inn, Plaintiffs, along with their special needs child, had been paying weekly for a room at the Lighthouse Inn. Plaintiffs, who are married, had relocated to Florence from central Oregon after both lost their jobs during the Covid-19 pandemic.

4. In December 2020, Defendant Johnson was having trouble managing the Lighthouse Inn. Johnson was having serious problems with a disruptive and threatening employee residing on-site, and as a result he was having problems keeping up with the daily demands of running the motel.

5. Defendant Johnson needed help maintaining and running his motel and he found that help in room 21 of the Lighthouse Inn, first from Plaintiff Lisa Olson-Ivie, and then from her husband, Plaintiff Scott Ivie.

6. Plaintiffs bring this action to recover unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

7. Plaintiffs also bring this action to recover penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

8. Plaintiff Lisa Olson Ivie also brings this action to recover damages for injured worker discrimination under ORS Chapter 659A.

9. This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, pre - and post-judgment interest and penalty wages for Defendants' willful failure to pay wages, including minimum wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws Chapter 652.

10. Plaintiffs demand a jury trial on all issues that may be tried to a jury.

11. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

12. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

13. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

14. Defendant Lighthouse Inn does not have any active business registration foreign or domestic on file with the Oregon Secretary of State. Plaintiffs therefore allege that Defendant Lighthouse Inn is an unregistered sole proprietorship.

15. Defendant Johnson is an individual who is the owner of Defendant Lighthouse Inn, and who at all times material to this Complaint was the General Manager of the Lighthouse Inn that employed Plaintiffs. Defendant Johnson supervised Plaintiffs in all aspects of their work and was personally responsible for setting the terms and conditions of Plaintiffs' work.

16. Defendants are subject to the provisions of Oregon Wage and Hour Laws, ORS Chapters 652 concerning the timing of pay and wage penalties.

17. Defendant Lighthouse Inn is an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Lighthouse Inn has employees engaged in interstate commerce. Based upon information and belief, the annual gross rental

receipts from Defendant Lighthouse Inn's rental of motel rooms was in excess of $500,000.00 per annum at all times material hereto.

18.     At all material times, Defendants were joint employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants jointly directly or indirectly acted in the interest of an employer toward the Plaintiffs at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiffs.

19.     Plaintiff Lisa Olson Ivie who worked for Defendants from approximately December 27, 2020 until her employment was terminated in on or around November 2021.

20.     Plaintiff Scott Ivie is a resident of Lane County, Oregon who worked for Defendants from approximately January 12, 2020 until his employment was terminated on or around December 31, 2021.

21.     At all material times, Plaintiffs worked in interstate commerce at a motel that served interstate travelers and both Plaintiffs are therefore covered by the FSLA as individual employees engaged in interstate commerce.

## FACTS

22.     In late December 2020, Dawn Nessan ("Nessan"), an employee of the Lighthouse Inn, offered Plaintiff Lisa Olson-Ivie a job working for Defendants at the motel. Nessan told Olson-Ivie she would have to discuss pay with Defendant Johnson. Olson-Ivie accepted the offer of employment and she started doing laundry and cleaning rooms at the motel on or around December 27, 2020.

23.     Olson-Ivie started out primarily doing laundry, and housekeeping, but it did not take long before Defendants were relying on her as on on-site employee, available to transact business with

4 – Complaint

guests, as well as do laundry, clean rooms, and assist with the daily breakfast that the motel offered. Olson-Ivie quickly became an essential employee that Defendants relied on to operate their motel.

24. Olson-Ivie kept track of her hours by writing each day's total on a calendar that she has retained. Defendants made no effort to record the hours worked by Olson-Ivie, and took no steps to put her on the motel's payroll.

25. Sometime during the first few days of January 2021, Plaintiff Olson-Ivie was able to speak with Defendant Johnson about the pay for her employment with Defendants. Johnson told Olson-Ivie that she would no longer have to pay for her room at the motel, but Johnson did not offer her minimum wage or any form of monetary compensation. When Olson-Ivie told Johnson that she would need to be paid wages, Johnson told her that he needed to speak with his accountant to determine what he could afford to pay her.

26. Defendant Johnson knew that when Olson-Ivie began working for Defendants she was receiving unemployment benefits from the state of Oregon because he had agreed to accept the room rental on a weekly basis so that Plaintiffs could pay for their room when Olson-Ivie received her unemployment benefits.

27. Defendant Johnson thought it would be enough to furnish a room to Plaintiff and her family and let the state Employment Department continue to pay Plaintiff while she lived and worked at the Lighthouse Inn.

28. On January 12, 2021, Defendants moved Plaintiffs into a larger room at the motel but Johnson made no effort to put Olson-Ivie on Defendants' payroll.

29. Also on or around January 12, 2021, Defendant Johnson asked Plaintiff Scott Ivie to begin performing routine maintenance and groundskeeping at the motel, and to assist Plaintiff Olson-Ivie, with laundry, housekeeping, and breakfast service.

5 – Complaint

30. By the third week of January 2021, both Plaintiffs were full time employees of Defendants who were not on the payroll and who were not being paid minimum wage or overtime.

31. Plaintiffs were not performing casual or incidental work. Plaintiff Olson-Ivie worked 384 hours for Defendants in January 2021 which was her first full month of employment. Plaintiff Olson-Ivie worked more than 40 hours in each seven-day workweek during that month, and during all of the workweeks in which she was employed at the motel.

32. Plaintiff Scott Ivie estimates that after he began working for Defendants in mid-January 2021, he worked almost as many hours each week as his wife, and he worked more than 40 hours in each seven-day workweek that he worked during that month, and during all of the all of the months that he was employed.

33. Plaintiff Ivie is a chef, and Plaintiff Olson-Ivie had been working in the hospitality management industry prior to Covid-19. Defendant Johnson induced Plaintiffs to continue to work for him and the Lighthouse Inn for no pay with promises that Johnson would buy a restaurant for Plaintiffs to manage, and that Johnson would compensate them for their work at the motel with profits from the restaurant.

34. When the promised restaurant purchase fell through, Defendant Johnson told Plaintiffs that if they renovated the commercial kitchen at the Lighthouse Inn they could operate it and share in the profits from room service. Plaintiffs went ahead and cleaned-up and renovated the kitchen at the Lighthouse Inn but received no compensation or wages, and the revenue from operations was kept by Defendants and not shared with Plaintiffs.

35. Defendant Johnson promised Plaintiffs that they would be paid for their work, but he never took any steps to put Plaintiffs on the Lighthouse Inn payroll, and never paid them any wages.

6 – Complaint

36. Plaintiffs continued working long hours for Defendants without any pay and without any days off until April 2021. Other than a ten-day vacation in July, Plaintiffs continued to work without pay for Defendants until Defendant Johnson terminated Plaintiff Olson-Ivie's employment in November 2021.

37. Defendant Johnson terminated Plaintiff Olson-Ivie the week after her unemployment benefits expired. Johnson had known all along that since he was not paying Olson-Ivie for her full time work at the Lighthouse Inn, she had continued to collect unemployment benefits.

38. During the course of working for Defendants, Plaintiff Olson-Ivie developed Carpal tunnel syndrome from the repetitive laundry and housekeeping tasks.

39. Because Plaintiff Olson-Ivie was not employed on-the-books of the Lighthouse Inn, she sought treatment of the work related injury through her Oregon Health Plan health insurance.

40. Plaintiff Olson-Ivie will need surgery to repair the damage to her hand that resulted from the work she did at the Lighthouse Inn.

41. Defendant Johnson knew about Olson-Ivie's Carpal tunnel syndrome because when he terminated her employment he told her that he was no longer willing to put her on the books as an employee of the Lighthouse Inn because she was injured.

42. Plaintiff Scott Ivie continued working for Defendants without pay after Defendants fired his wife until on or around December 31, 2021 when Defendant Johnson informed Ivie that he was also terminated and no longer worked at the Lighthouse Inn.

43. At all times material to this Complaint, Defendants furnished Plaintiffs a room located on the motel premises. There was never any written or verbal agreement between Plaintiffs and Defendants relating to any charges or deductions from pay relating to Defendants' provision of the

room. For approximately 9 months, the room furnished by Defendants was not suitable for habitation yet it was the only place Plaintiffs had to live with their son and so they stayed.

44. Defendants jointly and severally owe Plaintiffs unpaid minimum wages, overtime pay, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

45. Plaintiffs have retained the law firm of Leiman Law, P.C. to represent them, and have incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violation - 29 U.S.C § 206)**
**Defendants Lighthouse Inn and Johnson**

46. Plaintiffs re-alleges and incorporate herein by reference, all allegations contained in paragraphs 1 through 45 above.

47. At all material times alleged herein, Plaintiffs performed duties for the benefit of, and on behalf of Defendants Lighthouse Inn and Johnson.

48. At all material times alleged herein, Defendants were joint employers as set forth in 29 CFR 791, and were jointly and severally required to pay Plaintiffs in accordance with the minimum wage and overtime provisions of the FLSA.

49. At all material times alleged herein, and for the entire duration of Plaintiffs' employment, Defendants failed to comply with Title 29 U.S.C. § 206 in that the Plaintiffs performed services and labor for Defendants for which Defendants failed to failed to pay Plaintiffs the FLSA required minimum wage for the hours they worked. Plaintiffs are entitled to liquidated damages for Defendants' willful failure to pay minimum wages to Plaintiffs.

50.     Plaintiffs bring this claim against Defendants seeking unpaid minimum wages, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

51.     Defendants' failure to pay the Plaintiffs minimum wage resulted from the Defendants' willful act of knowingly not paying Plaintiff wages for their work.

52.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages and have also incurred costs and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violation - 29 U.S.C § 207)
### Defendants Lighthouse Inn and Johnson

53.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 52 above.

54.     At all material times alleged herein, Defendants were joint employers as set forth in 29 CFR 791, and were jointly and severally required to pay Plaintiffs in accordance with the overtime pay provisions of the FLSA, 29 U.S.C. §207.

55.     Defendants did not pay Plaintiffs at one and one-half times their regular rate of pay for all hours that Plaintiffs worked over 40 hours in a workweek. Plaintiffs are entitled to liquidated damages for Defendants' willful failure to pay overtime wages.

56.     Plaintiffs bring this claim against Defendants seeking unpaid overtime wages, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

57.     Defendants' failure to pay the Plaintiffs overtime wages for all hours worked over 40 in a workweek resulted from the Defendants' willful act of knowingly not paying Plaintiffs for any of the hours that they worked for Defendants.

58.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages and have also incurred costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)
### (ORS Chapter 652)
### Defendants Lighthouse Inn and Johnson

59.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 58 above.

60.     Defendants violated ORS 652.150 when they failed to pay Plaintiffs all wages due on termination of employment.

61.     Defendants violated ORS Chapter 652 and are liable to Plaintiffs for a separate wage penalty for failing to pay overtime wages when due.

62.     Plaintiffs have been damaged by Defendants' violation of Oregon Wage and Hour Laws and each are entitled to penalty wages from Defendants for two separate ORS 652.150 penalties, plus pre-judgment interest, in amounts to be determined by the jury.

### FOURTH CLAIM FOR RELIEF
### Plaintiff Olson-Ivie
### (Oregon Injured Worker Discrimination)
### (ORS Chapter 659A.046)
### Defendants Lighthouse Inn and Johnson

63.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 62 above.

64.     Defendants violated ORS 659A.046 by refusing to continue to employ Plaintiff Olson-Ivie after she suffered a compensable on-the-job injury, even though Defendants had suitable work that Olson-Ivie could perform.

65.     As a direct and proximate result of Defendants' actions, Olson-Ivie has significant economic damages. Moreover, Olson-Ivie has suffered emotional distress and loss of self-esteem

and dignity. As compensation, Olson-Ivie should be awarded economic damages in an amount to be determined at trial and non-economic damages in an amount to be determined at trial but not less than $500,000.

66.     Plaintiff Olson-Ivie is entitled to reasonable attorney fees and the costs of litigation pursuant to ORS 659A.885 for Defendants' violation of ORS 659A.046.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1. On the First Claim for Relief, award Plaintiffs their actual damages for unpaid minimum wages in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay minimum wages for all hours worked.

2. On the Second Claim for Relief, award Plaintiffs their actual damages for unpaid overtime pay in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pay for all hours worked over 40 hours in a workweek.

3. On the Third Claim for Relief, award each Plaintiff two ORS 652.150 wage penalties in amounts to be determined by the jury.

4. On the Fourth Claim for Relief, award Plaintiff Olson-Ivie economic damage in an amount to be determined at trial, and compensatory damages in an amount to be determined at trial but not less than $500,000.

5. Award Plaintiffs their reasonable attorney fees and costs;

6. Award Plaintiffs pre-judgment and post-judgment interest; and

7. Award Plaintiffs any and all such other legal and equitable relief as this Court deems just and proper.

11 – Complaint

DATED May 11, 2022.

          Respectfully submitted,

          __/s Alan J. Leiman_____
          Alan J. Leiman
          E-mail: alan@leimanlaw.com
          Oregon State Bar No.: 980746
          PO Box 5383
          Eugene, OR  97405
          Telephone: (541) 345-2376
          Attorney for Plaintiff

12 – Complaint